APPENDIX "A"

**SENTENCING MEMORANDUM TO JUDGE KOPF**

Should you decide to resentence me, I would request a sentence below the guideline range.  I would ask for a sentence outside the guidelines based on my post-conviction rehabilitation. Since character and integrity are impossible to describe or prove on paper, I will attempt to justify, through my actions, why my sentence should be reduced.

One of the first thoughts that floated through my head when I came to prison was that I needed job skills and a career. From the beginning, I refused to just sit and "do the time", get out, and then end up back in prison.  I didn't know the meaning of "recidivism" but I guessed that it wasn't good!! In my endeavor to prepare myself for release, I was lucky or blessed in two respects.  One, I was motivated, and two, my family provided a great deal of support.  Armed with these blessings I educated myself and found (hopefully) a career while in prison.

Judge Kopf, I am not a remarkable person in any regard. However, based on the status quo here, I believe I have accomplished some remarkable things which in prison.

In the fall of 1999 I started working in the prison law library here at FCI Pekin.  I was very ignorant when it came to legal proceedings.  Back then I couldn't tell you one right contained in the Bill of Rights!!  But after reading thousands of cases, and looking up hundreds of words in my Black's law dictionary, I began to figure it out.  Eventually, I started helping other inmates research their cases.  And that lead,

-1-

to helping other inmates draft their petitions.  Then a crazy
thing happened, I realized I really enjoyed legal work and I
decided that I would try to some day work as a paralegal.

So I started taking college courses through the prison.
I completed a business management certificate program here at
Pekin.  (For some reason, the prison staff here is moving at
a snail's pace in getting my college certificate.  I should
have receive it in May and then I will submit the certificate
to the Court.)  I also enrolled in paralegal correspondence
courses.  I completed a Paralegal program with a GPA of 3.95.
Exhibit "A".  I am currently trying to finish a bachelor's degree
in Paralegal Studies through the same school.

I have also continued to help other inmates here at the
prison.  I started teaching ACE (Adult Continuing Education)
classes on legal research.  Exhibit "B".  Furthermore, I prepared
legal briefs and petitions on behalf of inmates.  And I began
to have some success.  One of my successes was John Fellers'
case.  Fellers went to trial, lost and was sentenced by Judge
Strom.  Fellers' lawyer filed an appeal to the Eighth Circuit
and it was denied.  Then Fellers' laywer told him that a certiorari
would be futile.  However, I prepared his cert., he filed it
pro se, and on March 10, 2003, it was granted by the Supreme
Court.  Exhibit "C".  Attorney Seth Waxman- Solicitor General
during the Clinton administration- took Fellers' case and I
worked with him on it.  Mr. Waxman then prepared a flattering
reference letter for me.  Exhibit "D".  The Supreme Court ended
up reversing the Eighth Circuit in a unanimous opinion.  Recently,

-2-

another certiorari I prepared was granted by the Supreme Court
in John E. Davis' case.   (Mr. Davis was sentenced by this Court).
Exhibit "E".   Last fall, I won a § 2555 petition which resulted
in a ten year decrease in Melvin Brown's sentence.   Exhibit
"F".   These are just some examples of legal petitions that I
have drafted for inmates here at Pekin.

I have also completed a couple prison programs in my spare
time.   I took and finished a class called "A Map through the
Maze" which dealt with making the proper choices in prison to
reduce the possiblity of reoffending.   Exhibit "G".   Another
class I completed was the DARE program which dealt with drug
prevention for children.   Exhibit "H".   Right now, I am in the
middle of completing an 8000 hour Vocational Machinist course.

Although I am a humble person, I am proud of my accomplishments
given my circumstances.   The prison setting is not exactly conducive
for learning.   Educational and vocational opportunities are
few.   (Most of the education I received was from outside sources).
And the staff here could really care less about education or
preparing anyone for release.   (Honestly, it is hard to blame
them given the revolving door of prisoners who have violated
supervised release).   I tell you this in an attempt to show
that I not a product of the Bureau of Prisons' rehabilitative
efforts, instead my education has come from my own time, motivation
and at my parents' expense.

Judge Kopf, I have made a concentrated effort to prepare
myself for release.   Hopefully, when I am released I will be
given an opportunity to work as a paralegal.   That is my goal.

-3-

I also believe that my continued incarceration helps noone: not society, not the prosecution, and surely not me. Let my sentence be your "thought experiment" rather than "some disconnected notion of justice." I won't let you down!! **1/**

---

**1/** Special thanks to my father who helped copy and file this motion and memorandum in between chemotherapy sessions. You are a rock and I wish I was half the man you are...

EXHIBIT "A"



**COLLEGE FOR PROFESSIONAL STUDIES**
6409 Congress Ave, Suite 100
Boca Raton, FL  33487
Phone: 561-944-2522 / 800-669-2555
Fax: 561-988-2223

OFFICE OF THE REGISTRAR

PD9 - Paralegal Diploma

**HONORS RECOGNITION**
**OFFICIAL TRANSCRIPT**

---

| | | |
|---|---|---|
| Student Name: | Shon Hopwood | **Grade Schedules:** |
| Address: | F.C.I. Fed. I.D. #15632-047 | 90-100%   A  Excellent |
| | P.O. Box 5000 | 80-89%     B  Good |
| | Pekin, IL  61555-5000 | 70-79%     C  Satisfactory |
| | | 0-69%       U  Unsatisfactory |
| Social Security #: | 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 | |
| Student #: | 0146985 | |
| Enroll Date: | 3/6/2001 | |
| Cummulative GPA: | 3.95 (95%) | |
| Courses Completed: | 20 | |
| Graduation Date: | 6/3/2002 | |

**Explanation of Codes:**
TC = Transfer Credit
IP = In Process

*Uvette Estrada*

**REGISTRAR.**

24 clock hours equals 1 credit hour.

A cummulative academic average of 90% or higher earns a degree with honors recognition.

---

| Date | Description | Attempted | Completed | Credits | Clock Hours | Final Grade |
|---|---|---|---|---|---|---|
| 3/26/2001 | PD9 Paralegalism Today | 0.5 | 0.5 | 0.5 | 20 | A 97 |
| 4/16/2001 | PD9 Criminal Law | 3 | 3 | 3 | 72 | A 99 |
| 4/30/2001 | PD9 Civil Litigation | 3 | 3 | 3 | 72 | A 99 |
| 6/8/2001 | PD9 Contracts | 3 | 3 | 3 | 72 | A 94 |
| 9/7/2001 | PD9 Mandatory Project NB 1 | | | | | A 100 |
| 10/1/2001 | PD9 Practical Project NB 1 | | | | | A 98 |
| 10/1/2001 | PD9 Wills/Trust | 3 | 3 | 3 | 72 | A 94 |
| 11/26/2001 | PD9 Interviewing | 3 | 3 | 3 | 72 | A 96 |
| 12/3/2001 | PD9 Business | 3 | 3 | 3 | 72 | A 96 |
| 1/9/2002 | PD9 Legal Research | 3 | 3 | 3 | 72 | A 97 |
| 2/4/2002 | PD9 Mandatory Project NB 2 | | | | | B 80 |
| 2/8/2002 | PD9 Practical Project NB 2 | | | | | A 100 |
| 4/8/2002 | PD9 Debt/Bankruptcy | 3 | 3 | 3 | 72 | A 98 |
| 4/11/2002 | PD9 Real Estate | 3 | 3 | 3 | 72 | A 97 |
| 4/18/2002 | PD9 Billing | 3 | 3 | 3 | 72 | A 94 |
| 5/13/2002 | PD9 Family Law | 3 | 3 | 3 | 72 | A 98 |
| 5/28/2002 | PD9 Ethics | 2 | 2 | 2 | 48 | B 85 |
| 5/28/2002 | PD9 Preparation for The Legal Profession | 2.5 | 2.5 | 2.5 | 60 | A 90 |
| 5/31/2002 | PD9 Mandatory Project NB 3 | | | | | A 100 |
| 6/3/2002 | PD9 Practical Project NB 3 | | | | | A 100 |

EXHIBIT "B"

# Certificate of Achievement

This certificate is presented to



## Shon Hopwood

in appreciation for teaching the

## Basic Law and Legal Research ACE class

from January 2004 - May 2004

Federal Correctional Instituti——

Pekin, IL

Angela Konz, ACE Coordinator



EXHIBIT "C"

3-18-03

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

March 10, 2003

*Received from John on 3-24-03*

Mr. John J. Fellers
Reg. No. 16253-047
PO Box 1000
Sandstone,  MN 55072

            Re:  John J. Fellers
                 v. United States
                 No.  02-6320

Dear Mr. Fellers:

     The Court today entered the following order in the above

entitled case:

     The motion for leave to proceed in forma pauperis and the

petition for a writ of certiorari are granted.

                         Sincerely,

                         *William K. Suter*

                         William K. Suter, Clerk

**EXHIBIT "D"**

WILMER, CUTLER & PICKERING

2445 M STREET, N.W.

WASHINGTON, DC 20037-1420

TELEPHONE +1 (202) 663 6000
FACSIMILE +1 (202) 663 6363
WWW.WILMER.COM

SETH P. WAXMAN
(202) 663-6800
SETH.WAXMAN@WILMER.COM

399 PARK AVENUE
NEW YORK, NY 10022-4697
TELEPHONE +1 (212) 230 8800
FACSIMILE +1 (212) 230 8888

100 LIGHT STREET
BALTIMORE, MD 21202-1036
TELEPHONE +1 (410) 986 2800
FACSIMILE +1 (410) 986 2828

1600 TYSONS BOULEVARD
10TH FLOOR
TYSONS CORNER, VA 22102-4859
TELEPHONE +1 (703) 251 9700
FACSIMILE +1 (703) 251 9797

4 CARLTON GARDENS
LONDON SW1Y5AA, ENGLAND
TELEPHONE +44 (0) 20 7872 1000
FACSIMILE +44 (0) 20 7839 3537

RUE DE LA LOI 15 WETSTRAAT
B-1040 BRUSSELS, BELGIUM
TELEPHONE +32 (0)2 285 49 00
FACSIMILE +32 (0)2 285 49 49

FRIEDRICHSTRASSE 95
D-10117 BERLIN, GERMANY
TELEPHONE +49 (30) 20 22 6400
FACSIMILE +49 (30) 20 22 6500

December 30, 2003

re: Shon Hopwood

To Whom It May Concern:

It gives me great pleasure to recommend Shon Hopwood for a paralegal training program. I worked closely with Shon in a case I recently argued in the Supreme Court of the United States: *Fellers* v. *United States*, No. 02-6320. In fact, Shon himself prepared and filed the successful petition for certiorari in that case, before I even became involved. As a former Solicitor General of the United States, I can certify that Shon's petition for Mr. Fellers was of the very first quality. Indeed, my former colleagues in the Solicitor General's office expressed incredulity that a nonlawyer could prepare a petition of such high quality. Working with Shon was a real pleasure, and I am confident that he would be a star in any paralegal training program he entered.

If you have any questions, do not hesitate to call.

Yours sincerely,

Seth P. Waxman

EXHIBIT "E"

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

January 24, 2005

Mr. John E. Davis
Prisoner ID #16923-047
F.C.I.
P.O. Box 5000
Pekin, IL  61555-5000

Re:  John E. Davis
v. United States
No. 03-10807

Dear Mr. Davis:

The Court today entered the following order in the above-entitled case:

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted.  The judgment is vacated and the case is remanded to the United States Court of Appeals for the Eighth Circuit, for further consideration in light of United States v. Booker, 543 U.S. ___ (2005).

The judgment or mandate of this Court will not issue for at least twenty-five days pursuant to Rule 45.  Should a petition for rehearing be filed timely, the judgment or mandate will be further stayed pending this Court's action on the petition for rehearing.

Sincerely,

*William K Suter*

**William K. Suter**, Clerk

## AFFIDAVIT OF JOHN E. DAVIS

I do hereby attest, under penalty of perjury, that the foregoing statements are true and correct.

1.   That I am a federal inmate confined at Federal Correctional Institution, Pekin, Illinois.

2.   That I filed a pro se Petition for a Writ of Certiorari to the Supreme Court of the United States. Cert. No: 03-10807.

3.   That Shon Hopwood drafted, prepared and typed my Petition for a Writ of Certiorari.

4.   That on January 24, 2005, the Supreme Court granted the petition, vacated the judgment of the Eighth Circuit Court of Appeals, and remanded the case back to the Eighth Circuit in light of <u>United States v. Booker</u>, 543 U.S. __ (2005).

FURTHER AFFIANT SAYETH NAUGHT

Date: 2/2/05

_____
John E. Davis

Executed on: 2/2/05

_____
Public Notary



EXHIBIT "F"

## DECLARATION OF MELVIN BROWN

I do hereby declare, under penalty of perjury, that the foregoing statements are true and correct.

1.  That I am a federal inmate confined at Federal Correctional Institution, Pekin, Illinois.

2.  That I filed a pro se motion to vacate under 28 U.S.C. § 2255 with the U.S. District Court for the Western District of Michigan and that my case number for this motion was 2:04-CV-73.

3.  That I prevailed on my motion to vacate and that I was transfered back to my district court for resentencing.

4.  That Shon Hopwood drafted, typed and prepared my pro se motion to vacate under 28 U.S.C. § 2255.

5.  That because the district court granted my motion, my sentence will be reduced by around ten (10) years.

FURTHER DECLARANT SAYETH NAUGHT

Dated: _6 / 15 / 04_

_Melvin Brown_
Melvin Brown

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN BROWN,

        Petitioner,

v.

        Case No. 2:04-CV-73
        (Criminal Case No. 2:02:CR:41-01)

UNITED STATES OF AMERICA,

        HON. GORDON J. QUIST

        Respondent.

_____/

## ORDER

Pursuant to the Memorandum entered today, it is hereby ordered as follows:

    1.    Defendant, Melvin Brown, shall be brought before this court and the undersigned judge for re-sentencing.

    2.    The Presentence Department shall prepare an Amended Presentence Report consistent with the Memorandum filed with this Order, which Amended Report shall recalculate Brown's Offense Level and Criminal History Category.

    3.    Magistrate Judge Timothy Greeley shall assign new counsel to represent Brown at the new sentencing hearing.

    4.    Ten days prior to the new sentencing hearing, each party shall file with this court a brief of not more than 15 pages setting forth the party's position regarding the impact of *Blakely v. Washington*, 2004 WL 1402697 (U.S. Wash. 2004) upon the resentencing.

    5.    Re-sentencing is scheduled to occur in Room 499, Federal Courthouse, 110 Michigan St. NW, Grand Rapids, Michigan, on **September 1, 2004, at 3:00 PM.**

Dated: July 12, 2004

          /s/ Gordon J. Quist
          GORDON J. QUIST
        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELVIN BROWN,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

Case No. 2:04-CV-73
(Criminal Case No. 2:02:CR:41-01)

HON. GORDON J. QUIST

### MEMORANDUM

On May 5, 2003, after his plea of guilty to conspiracy to distribute more than 5 grams of cocaine base, defendant, Melvin Brown, was sentenced to 188 months imprisonment, five years of supervised release, and $100 special assessment. Judgment was entered on May 8, 2003. Brown did not appeal his sentence. On April 7, 2004, Brown filed a motion pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective because his counsel did not object to the Presentence Investigation Report's having classified Brown as a "career offender" pursuant to U.S.S.G. § 4B1.1. Brown's 2255 petition is timely.

Although Brown may not use 2255 to attack non-constitutional errors in sentencing, he may allege that an improper sentence was imposed because he did not receive his constitutional right to effective assistance of counsel. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). In order to show ineffective assistance of counsel, Brown must establish two things: 1) counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment; and 2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding

would have been different. *Strickland v. Washington*, 466 U.S. 668. 687, 104 S.Ct. 2052, 2064 (1984).

Pursuant to U.S.S.G. § 4B1.1(a), in order for a person to be classified as a "career offender" one of the requirements is that the person have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The effect of being classified as a "career offender" is that the Base Offense Level is raised, in Brown's case from Base Offense Level 26 to Base Offense Level 34; and, in addition, the Criminal History Category is raised, in Brown's case from Criminal History Category IV to Criminal History Category VI.   The Presentence Investigation Report (PSR) states that Brown had been convicted of armed robbery in 1993 in Cook County, Illinois. He was scored three criminal history points for this conviction. (PSR ¶ 41.) There is no dispute about this conviction, and this conviction is a "crime of violence" as defined in U.S.S.G. § 4B1.2(a).  However, the PSR also shows that in 1998, Brown was convicted in Cook County of possession of controlled substance with intent to deliver. (¶ 42.) Brown claims, and the government agrees, that this conviction was for simple possession. There was no finding of an intent to deliver. Therefore, this drug conviction was not a drug *trafficking* offense as defined in U.S.S.G. § 4B1.2(b), which requires "manufacture, import, export, distribution, or dispensing of a controlled substance." Brown was scored three points for this conviction, which may well be incorrect, but more important, classifying this conviction as a drug trafficking offense caused the PSR writer and the court to sentence Brown as a career offender.

This error will have a major impact on Brown's sentence. Even assuming, for purposes of argument, that the conviction for simple possession carries three criminal history points, an assumption that this court will not make at re-sentencing, Brown would have been in Criminal

History Category IV with an Offense Level of 23. This has a Guideline sentencing range of 70 to 87 months, as contrasted with the current sentence of 188 months.

      This court finds that Brown's counsel in the district court was ineffective under *Strickland* for failing to investigate and point out the error in the PSR. If the error in the PSR had been pointed out, Brown's sentence would have been different. Therefore, Brown will have to be re-sentenced. An Order consistent with this Memorandum will be entered.

Dated: July 12, 2004

                                /s/ Gordon J. Quist
                               GORDON J. QUIST
                        UNITED STATES DISTRICT JUDGE

**EXHIBIT "G"**

# CERTIFICATE

## OF COMPLETION

Let it be known that

### Shon  Hopwood

has satisfactorily completed
all required coursework for

## A Map Through the Maze.

December 19, 2000

S.L. Wheeler, Unit Manager

Teresa Bess, Counselor

**EXHIBIT H"**



**May it be known that**

## Shon Hopwood

has completed curriculum in
Drug Abuse Resistance Education
and has made
a personal commitment
to teach children to avoid
drugs and violence.

Given this 13 TH day
of November, 2000



William R. Moddox
D.A.R.E. Instructor







Original
Federal Court Clerk