IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:98CR3056 |
| | ) | |
| V. | ) | |
| | ) | |
| SHON HOPWOOD, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Shon Hopwood (Hopwood) has filed a motion to seeking early termination of his term of supervised release. His motion is supported by an index of evidence. While I applaud Hopwood's efforts at rehabilitation and recognize that those efforts are unusual and dramatic, I will deny the motion.

     Hopwood pled guilty to five counts of bank robbery, and one count of using a firearm during a crime of violence. I sentenced Hopwood to 147 months in prison and concurrent terms of supervised release. I also ordered Hopwood to pay restitution in the sum of $134,544.22. After serving his prison sentence, Hopwood was released, and has since been on supervised release. At least one year of supervised release has been completed. As of October 26, 2010, Hopwood has an unpaid restitution obligation of $114,462.54.

     Regarding Hopwood's request for early termination, the probation officer advises that "[a]lthough Mr Hopwood has performed well on supervision and has obviously made tremendous strides[,] he does not meet our national or district standards for early release due to his offense of conviction." The government objects to the motion for early termination as well.

     I have considered each and every factor outlined in 18 U.S.C. § 3583(e)(1). While Hopwood is an excellent candidate for early termination, there is one consideration–the need

to provide restitution–that strongly counsels against early termination.[1] Since the restitution debt owed the victims of Hopwood's violent crimes remains largely unsatisfied, early termination is not warranted. In this regard, I respectfully disagree with Hopwood's able lawyer that inasmuch as the government can satisfy the restitution obligation through civil collection efforts, supervised release is unnecessary. Put simply, the fear of going back to prison is a powerful motivator regarding the payment of restitution, and the financial interests of the victims make me loath to dilute incentives to make them whole.

I am aware that Hopwood hopes to attend law school and from all accounts he apparently has a good chance of being admitted. He worries that supervised release may diminish those chances. While Hopwood's *crimes* might reduce his chances, *supervised release* is not likely to do so. This is particularly true given the excellent progress that Hopwood has made between the commission of his crimes and the present. Moreover, the undersigned and the probation office will "bend over backwards" so as not to unnecessarily interfere with Hopwood's law school plans should he gain admission.

IT IS ORDERED that:

1. Filing no. 84, submitted by the government and filing no. 90, submittted by Hopwood, treated as motions to restrict, are granted and the documents shall be restricted.

2. Hopwood's motion (filing no. 79, styled as a "Petition for Early Termination of Supervised Release") is denied.

DATED this 27th day of October, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

[1] Section 3583(e) specifically directs me to consider the provisions 18 U.S.C. § 3553(a)(7) regarding "the need to provide restitution to any victims of the offense."